UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD LEE,

                               Plaintiff,

                                                                                                      1:25-CV-1248
v.                                                                                             (GTS/DJS)

KAREN HEGGEN, *Prosecutor*,

                               Defendant.
_____

APPEARANCES:

DONALD LEE, 11037
  Plaintiff, *Pro Se*
Warren County Correctional Facility
1400 State Route 9
Lake George, New York 12845

GLENN T. SUDDABY, United States District Judge

**<u>DECISION and ORDER</u>**

      Currently before the Court, in this *pro se* civil rights action filed by Donald Lee ("Plaintiff") against prosecutor Karen Heggen ("Defendant"), alleging constitutional violations under the Fourth, Eighth and Fourteenth Amendments, is United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's Amended Complaint be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). (Dkt. No. 9.) Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

      After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear error in the Report-

1

Recommendation:[1] Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein. To those reasons, the Court adds the following analysis.

Magistrate Judge Stewart is correct in treating a dismissal based on the doctrine of prosecutorial immunity as one for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (which may be rendered with prejudice), and not as one for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) (which generally must be rendered without prejudice).[2] Magistrate Judge Stewart is also correct in finding that the permitting Plaintiff to again amend his operative pleading in this action would not cure this pleading defect in his already amended operative pleading. As a result, the dismissal of Plaintiff's Amended Complaint may be, and is, rendered with prejudice. Finally, even if the Court were to base its dismissal on the alternative ground

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2] *See, e.g., Golden v. City of New York*, 24-CV-5759, 2025 WL 2055697, at *7 (S.D.N.Y. July 7, 2025) ("[P]rosecutorial immunity is not a jurisdictional ground for dismissal."); *Lee v. Finn*, 22-CV-1152, 2023 WL 6796425, at *4 n.5 (N.D.N.Y. Oct. 13, 2023) (Sannes, C.J.) ("[P]rosecutorial immunity, as with other absolute immunities, is an affirmative defense rather than a question of jurisdiction."); *Tigano v. United States*, 527 F.Supp.3d 232, 243, n.4 (E.D.N.Y. 2021) ("Though Defendants characterize prosecutorial immunity as a jurisdictional ground for dismissal under Rule 12(b)(1), prosecutorial immunity is treated as a common law immunity available upon a Rule 12(b)(6) motion.").

offered by Magistrate Judge Stewart (i.e., the failure to allege facts plausibly suggesting Defendant's personal involvement), the Court would be reluctant to render that dismissal without prejudice to amendment within a specified time period, given that Plaintiff has already exercised his right to amend his operative pleading "once as a matter of course" under Fed. R. Civ. P. 15(a)(1).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 9) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 5) is **DISMISSED**.

Dated: February 25, 2026
  Syracuse, New York

Glenn T. Suddaby
U.S. District Judge